HARPER et al. v. PRINTING-TELEGRAPH NEWS CO. et al.

(Circuit Court, S. D. New York. February 23, 1904.)

1. CORPORATIONS—RECEIVERS—ACTION BY STOCKHOLDERS—COURTS—JURISDICTION.

Where an action was pending in a state court for the recovery of money against a corporation, in which a receiver had been appointed, and an application by stockholders to compel the receiver to sue to set aside certain modifications of a favorable contract, by which royalties payable to such corporation were materially reduced, was denied, but the court granted such stockholders leave to sue the receiver, and to bring suit in equity against certain other corporations which had been instrumental in procuring such modifications, making the receiver a party, for the same and other equitable relief, the leave so granted did not authorize the maintenance of such suit in any other court than that in which the receivership was pending.

In Equity.

George C. Lay and Edmund Keener, for plaintiffs.
Louis Marshall and Wilcox & Brodek, for defendants.

WHEELER, District Judge. The Consolidated Telegraph & News Company had a favorable contract with George Grantham Bain for royalties on Essick's and Merritt & Joy's page printing-telegraph instruments of $10 per annum for each instrument, to be 250 in number for half of 1896, 500 for 1897, 1,000 for 1898, and increasing 500 per year until 1903, and then 3,500 per year, amounting afterwards to $35,000 per year. The Printing-Telegraph News Company succeeded to the rights and liabilities of Bain, and by agreement with the Consolidated Company on the 8th of March, 1897, modified the contract, providing for a minimum royalty of $6,000 annually, at the rate of $10 each on 600 machines, and $5 each on others up to the limit of the contract; and on the 22d of December, 1898, the same parties made a further modification, making the price of each machine, after January, 1899, $5 per annum. The American Press Association, officered by some of the same persons as, and interested with, the Printing-Telegraph News Company, advanced $3,000 for

¶ 1. Suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.
    See Receivers, vol. 42, Cent. Dig. § 345.

the Consolidated Company, which was secured by, among other things, an assignment of the royalties under the Bain contract for 1897. Suit was brought by the Press Association against the Consolidated Company, in the Supreme Court of the state of New York for the county of New York, upon that debt of $3,000, wherein the defendant Monte Hutzler was appointed receiver of all the property of the Consolidated Company, and as such receiver took possession of the property. The plaintiffs intervened in that suit, and claimed that the directors who made the modifications were interested therein adversely to the Consolidated Company and favorably to the Telegraph News Company, and had defrauded the former for the benefit of the latter, and made a request in writing of Hutzler, as receiver, to bring suit to set aside the modifications of the Bain contract, and for the recovery of the royalties due by the terms of the original contract, and requested that court to direct the receiver to bring such a suit, and proceed for that purpose. That motion was denied so far as it sought to compel the receiver to bring suit against the companies to obtain the relief set forth in that demand, but it was ordered thereupon that the petitioners be and were thereby "granted leave and authority to sue the receiver, and to bring suit in equity against the Printing-Telegraph News Co., the American Press Association, the Consolidated Telegraph & News Co., making said Monte Hutzler, receiver, a party to such suit, and adding such other defendants as may be necessary, and, in such form of complaint as they shall be advised, to set aside" these modifications of the Bain contracts and other proceedings, "and for such other relief as to a court of equity shall seem just and equitable." Thereupon this suit has been brought, in behalf of the plaintiffs, as such stockholders and bondholders, and of all others, stockholders and bondholders, similarly situated, against these companies and the receiver, praying that the first modification of March 8, 1897, be set aside, and that the Printing-Telegraph News Company be decreed to account and pay over to the Consolidated Company, or a receiver appointed by this court, the royalties provided for by the contract of May 20, 1896, with interest, and be decreed to specifically perform the original Bain contract; and that the second modification of 28th December, 1898, be set aside and declared fraudulent and void; and that the original contract be restored in full force and effect; and likewise that the Printing-Telegraph News Company be decreed to account with and pay over to said Consolidated Company, or a receiver appointed by this court, all moneys due for royalties under said original contract, and be decreed to specifically perform the original Bain contract; and for further relief.

A preliminary question has been made here as to the jurisdiction of this court of this case, pending such proceedings and receivership in the Supreme Court of the state of New York. The plaintiffs insist that the leave of that court, as granted, to bring a suit against these corporations and the receiver fully authorized the plaintiffs to bring such suit in any court that would have jurisdiction of the parties, and to bring this suit here. The defendants insist that such leave would not give any authority for bringing and maintaining such suit in any other jurisdiction than that of that court wherein that suit and the re-

ceivership are pending. That suit would draw into it all claims upon or against any property of the defendant corporation involved and which had come into the hands of the receiver, and no other court would have jurisdiction to try and determine any suit concerning such property or property rights while in the hands of the receiver as an officer of that court. This suit depends upon rights between others than the receiver, as well as between them and him, and the trial and disposition of it would involve the adjudication of such rights between the other parties, which would concern them separately from him. While the leave of that court might be full authority for bringing suit against the receiver as such, it would not confer jurisdiction upon another court to try the rights of the other parties involved, to the extent of such a decree as might be made. This suit, against the receiver alone, would afford no relief to the plaintiffs. It is only by the adjudication of other rights preceding his to the property that any relief advantageous to them could be made available. The matter necessary to be litigated to any useful purpose is not what would concern the receiver alone, but others also, on which, perhaps, his rights as receiver were or may have been involved in the decree of that court appointing him receiver. These rights are involved there, the trial of them belongs there, and these other parties object to this proceeding for the adjudication of them here, claiming that they should be subjected to no other jurisdiction than that of that court in establishing, modifying, or denying any of their rights that they may have therein. That court could grant leave to proceed against the receiver, in any matter concerning which that court had jurisdiction which appertains to it exclusively, to another court, merely because the other court might have jurisdiction otherwise but for that which it has and is maintaining. It does not appear that jurisdiction was conferred upon this court, if intended, by the leave granted there, and it may not have been intended. The relief sought here is wholly such as is involved there, and as to that relief that suit is a prior suit pending; and this court cannot, at the request of one party, take jurisdiction of it against others concerned which that court cannot devolve, if it would, upon any other court.

The nearest case to this, and the most favorable to jurisdiction, which has been cited or noticed, is Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666. In that case a suit was maintained in the Circuit Court of the United States for the District of Kentucky about church property which was involved in a chancery court of the state, and was in the hands of the marshal of the state court as receiver, but on the ground that the suit was for different relief from that involved in the chancery court, and that the suit in the chancery court was not a prior pending suit as to the relief sought in the Circuit Court of the United States. That case was somewhat criticised by Chief Justice Redfield for what it was understood to have held contrary to the general principles of the subject; but the rule that the same rights to property in the hands of a receiver in one court could not be taken jurisdiction of in a new suit in another court appears to have been well recognized, and the jurisdiction of the Circuit Court to have been maintained otherwise.

As this case is now viewed here, this court cannot proceed to make any decree that will be effective as to what is sought in respect to the modification of the contracts involved, while the suit and receivership are maintained in the state court. Jurisdiction of it cannot, therefore,. be properly retained.

Bill dismissed.