## KELLY v. DOLAN et al.

(District Court, E. D. Pennsylvania. January 7, 1914.)

No. 1237.

1. CORPORATIONS (§ 319*)—INJURIES—RIGHT TO SUE.

Where a corporation is stripped of its assets by act of its directors, the right of action is not only primarily, but until it has passed to others, is always, in the corporation, and the recovery is for its benefit; it being necessarily a party.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.*]

2. CORPORATIONS (§§ 499, 506*)—INJURIES—RIGHT OF ACTION.

Where a corporation is injured by the acts of its directors, it in general may sue or withhold the right to sue, and the action, when brought, must be brought by it and in its name.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1910, 1911, 1913–1919, 1958–1970, 2030; Dec. Dig. §§ 499, 506.*]

3. CORPORATIONS (§ 206*)—INJURIES—STOCKHOLDER'S ACTION.

Where a corporation is injured by being deprived of its assets by directors, and on demand of a stockholder fraudulently refuses to sue, the stockholder may maintain a bill for its benefit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. § 206.*]

4. CORPORATIONS (§ 560*)—RECEIVERS—RIGHT TO SUE.

Where a chancery receiver is appointed to administer the affairs of a corporation, the corporation continues to own its assets, and such receiver cannot bring a suit in a foreign jurisdiction for the benefit of the corporation; but a statutory receiver acquires the legal title to the corporation's property, and for this reason may sue in a foreign jurisdiction for the benefit of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260, 2262; Dec. Dig. § 560.*]

5. CORPORATIONS (§ 560*)—RECEIVERS—SUIT IN FOREIGN JURISDICTION.

Where a statutory receiver has been appointed for a corporation, neither the corporation nor a stockholder can maintain an action for alleged loss of the corporation's assets without the sanction of the court appointing the receiver, but with such sanction a suit for the corporation's benefit may be brought in a foreign jurisdiction in which defendants can be served.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260, 2262; Dec. Dig. § 560.*]

6. CORPORATIONS (§ 202*)—INSOLVENCY—RECEIVERS—STOCKHOLDERS—RIGHT TO SUE.

Where a statutory receiver has been appointed for a corporation, a stockholder, with the consent of the court appointing the receiver, may sue in equity, for the benefit of the corporation and its receiver, to redress, in a foreign jurisdiction, an injury to the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780, 822; Dec. Dig. § 202.*]

7. CORPORATIONS (§ 211*)—STOCKHOLDER'S BILL—ALLEGATIONS—COURT RULES.

Equity Rule 27 (198 Fed. xxv, 115 C. C. A. xxv), providing that a stockholder's bill must be verified by oath and allege that plaintiff was a shareholder at the time of the transaction of which it complains, or that his share has devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance, and must set forth the efforts of plaintiff to secure action through the cor-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

poration's directors and trustees, etc., was intended only to exclude cases brought by a stockholder collusively in order to give an apparent jurisdiction to a court which would not have it if the suit were by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. § 211.*]

**8. EQUITY (§ 118*)—PARTIES.**

Parties in equity proceedings are not to be regarded as parties plaintiff and defendant are regarded at law, unless there is some requirement of a statute or of the equity rules to constitute them parties in that sense, parties in equity having no fixed status as plaintiff or defendant, but may be realigned for jurisdictional purposes according to interest.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 258, 554, 590; Dec. Dig. § 118.*]

**9. COURTS (§ 317*)—JURISDICTION—DIVERSE CITIZENSHIP.**

Where a stockholder of a corporation for which a statutory receiver had been appointed brought suit in a federal court in a foreign jurisdiction against persons alleged to have wrongfully dissipated the corporation's assets and erroneously made the receiver, who was of the same citizenship as complainant, a defendant, the court, in order to establish the requisite diversity of citizenship, could properly realign the parties, making the receiver a complainant, since the stockholder could only recover for the receiver's benefit, and any recovery had must necessarily be administered by him, and leaving the individual defendants, who were of different citizenship, sole defendants.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 317.*]

In Equity. Suit by Richard B. Kelly against Thomas Dolan and others. On motion to dismiss bill. Denied.

Strong & Mellen, of New York City, and Alfred J. Niles and James Gay Gordon, both of Philadelphia, Pa., for plaintiff.

Ellis Ames Ballard, Morgan, Lewis & Bockius, and John G. Johnson, all of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The facts, as averred in the bill of complaint, necessary to an understanding of the questions involved, are these: The plaintiff is a stockholder in the defendant corporation, which for brevity is referred to as the Central Company. All its property was leased, and through this lease and subsequent assignments of it passed into the control of another company or companies. The substantive complaint is that through the acts of the individual defendants the Central Company was stripped of all its possessions. With the truth of the averments made we, of course, have now no concern. The Central Company went into the hands of a receiver appointed by the Supreme Court of the state of New York.

[1-3] The grounds of the motion to dismiss are six in number. For the purposes of discussion they may be grouped as raising certain questions. The one which goes to the root of the whole controversy is whether the plaintiff has a cause of action. The general principles by which this is to be determined are well settled. The injury complained of is more than primarily, it is necessarily and essentially, an injury to the corporation. A stockholder suffers damage, if at all, because he shares in the injury to the corporation. The right of action is not only primarily, but, until it has passed to others, is always, in the

corporation, and the recovery is for its benefit. It is therefore necessarily a party. Moreover, generally speaking, it may bring or withhold bringing an action to redress the injury, and the action, when brought, must be brought by it and in its own name. The reasons for holding this to be the general rule are obvious. Where, however, the injury to the corporation is unredressed, the damage to the stockholder, although indirect, is none the less real. Whenever the corporation, on demand made, refuses to act, and such refusal is fraudulent, as, for illustration, because its action is controlled by the defendants, the stockholder may then maintain his bill. This cannot be predicated upon any statement of his legal rights, and is not, in a narrow sense, a logical remedy. It is sustained upon the broad ground that there would otherwise be a failure of justice. It is, although less logical, analogous to the Pennsylvania practice of permitting an equitable plaintiff to bring an action to his use in the name of the legal plaintiff, and to override any objections which the latter may interpose.

[4] Were there no receivers in the case, this plaintiff might maintain his bill upon the averment of demand made upon the corporation and its refusal to sue, and that the refusal was fraudulent and due to the control exercised over the managers of the corporation by the defendants. As, however, the affairs of the corporation are in the hands of a receiver, certain consequences result from this. These consequences, or at least some of them, differ according to the character of the receivership. A chancery receiver is but the hand of the court, which has taken over the administration of the affairs of the corporation. The corporation continues to be the owner of all that belongs to it. One effect of the interposition of the court is to take from the corporation the control of its affairs. Another consequence is that it receives the protection of the court against the interference of others. Within the jurisdiction of the court appointing the receiver no action can be taken by the corporation or against it without the sanction of the court. If anything is to be done by the corporation, it must be done through and by the receiver. Outside of the jurisdiction of the court by which the receiver was appointed, he has no power or authority to act. There the right to act for itself does not, however, revert to the corporation, because a court in another jurisdiction will not permit the corporation to do what it would not be permitted to do by the court having jurisdiction over its affairs; nor will the court of the other jurisdiction assume to administer the affairs of the corporation, the administration of which has already been taken in hand by another court, except through a process ancillary to the original receivership.

Inasmuch as the right of a stockholder to bring his action, as has been above shown, is predicated upon a fraud perpetrated against him by the managers of the corporation, and as no such finding could be made against the court, or against a receiver who is the representative of the court, it would follow that this ground upon which the right of the stockholder is based would be taken away. A chancery receiver cannot bring an action in his own name outside of the jurisdiction of the court of his appointment, because he does not have the legal title to the property of the corporation or the chose in action, and his representative capacity does not extend beyond the limits of the jurisdiction by

which he was appointed. The effect of a statutory receivership, however, may by force of law be to transfer to the receiver the legal title to the property of the corporation including choses in action. The juridical consequence of this is that such a receiver may bring suit outside of the jurisdiction of the authority appointing him, for the reason that he has the legal title and therefore may enforce it by an action.

It does not appear from the bill in this case whether the receiver of the Central Company is a chancery or statutory receiver, except in so far as the inference may be drawn from the character of the proceedings in which he was appointed under the laws of the state of New York and this court taking cognizance of what these laws are. The inference to be drawn in this case we understand to be that the receiver here is a statutory receiver, and we further understand that at the argument counsel on both sides proceeded upon this as the fact in the case and it will therefore be so considered.

[5] This, therefore, brings us to two conclusions, and one of these involves a third or additional one. Neither the corporation nor the stockholder can maintain an action without the sanction of the court appointing the receiver. With that sanction, however, a suit may be brought in this jurisdiction as it might have been brought in New York, if service could have been had upon the defendants there. This brings up the question of whether this suit has the sanction of the court, and we are constrained to find that it has. Inasmuch as the corporation itself could not maintain the action, the question of its willingness or refusal to bring it is now of no consequence. If the plaintiff has the right to maintain his action at all, it is not upon the principle of a refusal of the corporation to act, but upon the principle that the action has the sanction of the court having jurisdiction over the affairs of the corporation. Put into a somewhat different form, the propositions of law involved are these:

A corporation is injured by the acts of others. Where the affairs of the corporation are under the care of a management to which they have been committed by the stockholders, and those managers are in the bona fide exercise of the powers committed to them, every principle of the regular and orderly administration of the law and of the logical development of legal procedure, and every principle of sound, legal policy, as well as a due regard to the rights of the defendants, forbid that any stockholder, or any one, other than the corporation itself, may institute an action to redress its wrongs. Where, however, the wrong done to the corporation is followed by a second wrong to the stockholders, wrought by means of a mala fide refusal to redress the first wrong, there the stockholders may themselves seek redress. The right of the stockholder, however, is based, not upon the first wrong, but the second. When, again, the power to redress the first wrong has passed from the hands of the corporation into the hands of a court, the possibility even of such second wrong cannot be supposed. The right of the stockholders which rests upon it has therefore lost its entire support. The plaintiff in this case has therefore no right of action, unless it can be planted upon some other principle. A distinction, as has already been noted, must be made between a chancery re-

ceiver and a statutory receiver, who has succeeded to the title to the subject-matter of the action.

[6] In the case of a chancery receivership, the receiver cannot maintain an action outside of the jurisdiction of the court of his appointment, for the reason that his appointment has no extraterritorial existence. The corporation itself will not be permitted to maintain its action because no other court will countenance disloyalty to the sovereign to which it owes allegiance. The sound principle would seem to be that it is denied only the right to do the things which the court of its appointment has prohibited it from doing. If that court sanctions the exercise of the right, it would further seem that the court of another jurisdiction should permit it to do (if no other reason exists for refusal) what the court of its appointment would permit to be done there. This view, although in conflict with Harper v. News Co. (C. C.) 128 Fed. 979, would seem to be in accord with Porter v. Sabin, 149 U. S. 479, 13 Sup. Ct. 1008, 37 L. Ed. 815. Harper v. News Co., moreover, was the case of a chancery receivership, and the present case is being considered as one of a statutory receiver, upon whom has devolved the title to the chose in action. Such a receiver, because he has the legal title, may assert his right of action anywhere, on the principle that title under the law of the situs is a good title everywhere. As the title is thus in the receiver, and in him alone, it would logically follow that no one else, and therefore no stockholder, could maintain the action.

If this were an action at law, this result would surely follow. Inasmuch, however, as it is a proceeding in equity, it may be that it can be sustained as a proceeding for the redress of an injury to the corporation to which the receiver is a necessary party, because he has succeeded to the rights of the corporation, and to which the stockholder is also a party, because required to be one in order to meet the terms of the permission to sue granted by the court of the receiver's appointment, and in order that the stockholder may be made answerable for the costs. This would further appear to accord with the requirements of the real situation. If injury has been done to the corporation, the wrong should be redressed. Whether the injury has been done can only be determined by an action. The action might be brought by the receiver. The court could require its receiver to bring the action. Permitting it to be brought for the benefit of the corporation and of the receiver by a stockholder would seem to be in effect the same thing. As it is clear the corporation could not maintain an action, application to it would be futile. The other objections to a stockholder being ordinarily permitted to maintain an action do not apply, when the action can be brought only when it has the sanction of the court. As the question here involved will remain in the case until final decree, it is not necessary for us now to go further than to decline to dismiss the bill at this time on this ground.

[7] This brings us to the consideration of rule 27 (198 Fed. xxv, 115 C. C. A. xxv), the application of which is involved in the conclusion already reached. It may be premised that the plaintiff has in terms complied with the requirements of rule 27 and has brought himself within it. Moreover, the rule has merely a formal, not a real, application to the present case. Its purpose is to exclude cases brought by a

stockholder collusively, in order to give an apparent jurisdiction to a court which would not have it if the suit were by the corporation. No such state of facts exists here. It is sufficient to say we have reached the same conclusion with respect to this ground or reason for dismissing the bill. We would not feel justified in dismissing the bill because of rule 27.

[8] This disposes of reasons Nos. 1, 2, and 3 as set forth in the motion. This in turn brings us to the remaining reasons, which may be grouped and characterized as diverse citizenship. As the plaintiff has arrayed the parties to this controversy, he has placed citizens of the same state with himself along with citizens of another state as defendants. This ordinarily would prevent this court from exercising jurisdiction. Parties in equity proceedings, however, are not to be regarded as parties plaintiff and defendant are regarded at law, unless there is some requirement of a statute or of the equity rules to constitute them parties in this sense. The law may be administered through legal forms or through chancery processes. The former are fixed and rigid. The latter are mobile, and adapt themselves to every contingency and requirement of the application of equitable principles. A party therefore (outside of the exceptions referred to) has no fixed status as either plaintiff or defendant, but is whatever the requirements of equity necessitate him to be. There may therefore be a realignment of parties.

[9] As the plaintiff has no rights, legal or equitable, which he is at liberty to enforce in this case, except with the sanction of the court by which the receiver was appointed, and as whatever recovery there may be would be for the benefit of the corporation, and its proceeds would be administered and distributed by the court having the administration of the affairs of the corporation in charge, which court would exercise its powers through the receiver by it appointed, and as there can be no decree here against either the corporation or the receiver, the corporation, receiver, and the stockholder plaintiff, all of whom are citizens of one state, are properly, logically, and naturally arrayed against the individual defendants here, all of whom are citizens of another state. In this view of it, and if the parties are so aligned, the court has jurisdiction.

The motion to dismiss is therefore disallowed, with leave to defendants to move for time within which to answer over.