THE HOME MINING COMPANY *et al.* v. D. A. MC-
KIBBEN *et al.*

No. 9556.

CORPORATIONS—*Rights of Stockholders.* The stockholders of a
corporation are not entitled to maintain or to defend legal pro-
ceedings in its name to protect the corporate property without a
showing that the directors or managing agents are wilfully or
fraudulently neglectful of its interests.

Error from Leavenworth district court; C. F. W.
DASSLER, judge *pro tem.*   Opinion filed April 8, 1899.
Affirmed.

*J. H. Gillpatrick, F. P. Fitzwilliam,* and *William A.
Porter,* for plaintiffs in error.

*Kelso & Van Tuyl,* for defendant in error D. A. Mc-
Kibben.

The opinion of the court was delivered by

DOSTER, C. J. : This was a motion by certain stock-
holders of the plaintiff in error, the Home Mining
Company, a corporation, to set aside a sale of the cor-
porate property.   The defendants in error had recov-
ered a judgment against the corporation and had levied
upon and appraised and sold some of its real property.
The corporation itself made no resistance to the sale
proceedings, but several of its stockholders presented
to the court the following motion to set aside the sale :

" On this day come John Volz, James Foley, C. S.
Hartough, and other stockholders in the above defend-
ant mining company, and move the court to set aside
the sale heretofore made on the 8th day of November,.
1893, for the following reasons : (1) Because no ap-
praisement of said property has ever been made ac-
cording to law. (2) Because the appraisers did not
see the property levied upon when they made their

appraisement and the appraisement was not made 'upon actual view' of the property levied upon.''

There is nothing in the record to show why the stockholders instead of the corporation took upon themselves the burden of moving to vacate the sale. The motion was overruled, and from the order overruling it the stockholders, in the name of the corporation, prosecute error to this court. It cannot be maintained. The directors of a corporation constitute its governing body. The executive officers of the company, either by special order of the directors or by general rule prescribed by them, or in pursuance of general authority implied from their positions and presumed to have been conferred upon them, are the ones to prosecute or defend legal proceedings in behalf of the corporation. If the directors be derelict in their duties, and through wilful neglect or for a fraudulent purpose fail to protect the corporate interests, the stockholders may do so in their stead, but to entitle them to do so it must be made to appear that the corporate officers, who are primarily charged with the duty, are wilfully or fraudulently neglectful of it. (Cook, Stockholders, 3d ed., § 750; *A. T. & S. F. Rld. Co. v. Comm'rs of Sumner Co.*, 51 Kan. 617, 33 Pac. 312.)

As before stated, no showing of reasons for the maintenance of the proceeding in question by the stockholders was made, and the judgment of the court below will therefore be affirmed.