377 F.2d 312
 KENRICH CORPORATION to the Use of Jerome Kline
v.
Stanton R. MILLER, Robert B. Miller, Joseph X. Yaffe, Marvyn
Gould, Elmer G. Blank, Stephen J. Kline, Michael
M. Brodsky, Samuel Seitchick, Irvin
Foster, Leonard A. Levine and
John H. Seetion.
Kenrich Corporation, to the Use of Jerome Kline, and/or
Jerome Kline, Appellants.
 No. 16168.
 United States Court of Appeals, Third Circuit.
 Argued March 7, 1967.
Decided May 24, 1967.
 
 Robert Sanders, Paul, Greenberg & Sanders, Philadelphia, Pa. (Benjamin Paul, Melvin J. Greenberg, Philadelphia, Pa., on the brief), for appellants.
 Henry F. Huhn, Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa. (Howard R. Detweiler, Philadelphia, Pa., on the brief), for appellees Yaffe and Gould.
 Jerom R. Verlin, Verlin & Goldberg, Philadelphia, Pa. (David Goldberg, Philadelphia, Pa., on the brief), for appellee Stephen J. Kline.
 I. Raymond Kremer, Kremer, Rosenzweig, Krimsky & Luterman, Philadelphia, Pa., for appellee Michael M. Brodsky.
 Israel Packel, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa. (Daniel Lowenthal, Philadelphia, Pa., on the brief), for appellees Robert and Stanton Miller.
 Frank F. Truscott, Truscott & Erisman, Philadelphia, Pa., on the brief, for appellee Leonard Levine.
 Emaunel Moss, Philadelphia, Pa., on the brief, for appellee Elmer G. Blank.
 Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Circuit Judge.
 
 
 1
 In the caption of this complaint the plaintiff is designated as 'kenrich Corporation to the Use of Jerome Kline'. The defendants are former directors of Standard Toch Industries, Inc., a Delaware corporation which had been merged into Kenrich Corporation, also a Delaware corporation. The complaint avers that 'this action is brought to recover (Standard Toch) Corporation losses caused by its former directors who are herein named as defendants and based on their breach of fiduciary duty, fraud, wilfulness, maliciousness, carelessness, negligence, and inattention to the Corporation's affairs * * *.' The complaint also asserts that 'the right to collect' these claims 'by the institution of legal actions' became 'vested in plaintiff, Jerome Kline' by force of an assignment from Kenrich Corporation to Kline, dated May 15, 1963.
 
 
 2
 After a hearing upon motions by the defendants to dismiss the action the district court entered a final order dismissing the action 'with prejudice as to Jerome Kline, but without prejudice as to Kenrich Corporation'. This decision was based upon allegations of the complaint and additional undisputed facts disclosed by depositions, particularly the deposition of Kline himself. It appears that Kline had been president, a director and the principal stockholder of Standard Toch but had sold his stock and ceased to hold any corporate office some two years before this action. Thereafter, he entered into the above-mentioned agreement with Standard Toch's successor purporting to authorize him to institute legal action to recover for losses suffered by Standard Toch as a result of alleged wrongdoing by the present defendants while they were directors of that corporation. Paragraph 3 of that agreement reads as follows:
 
 
 3
 'Kline shall be entitled, at his own expense, in his name to proceed against the former directors and officers of Standard Toch Co., Inc. Kenrich shall make available to Kline at reasonable times any and all books and records, documents, correspondence and any other material of Standard Toch Industries, which Kline may reasonably request in connection with said lawsuit.
 
 
 4
 'Further, Kline shall have the right to institute suit on behalf of Kenrich and retain 66 2/3% Of the proceeds thereof after payment of legal and all other expenses and fees in connection therewith (for which he shall be liable), in the event Kenrich shall fail to prosecute such suit within 90 days after Kline shall have presented to it the factual basis for such claim, together with his request that it so prosecute. However, if upon the making of such request, Kenrich shall proceed with due diligence to prosecute such suit, at its own expense, then Kline shall be entitled to 25% Of such proceeds. If in the latter event, suit is not instituted by Kenrich within 90 days, then Kline may proceed as set forth in the first sentence of this subparagraph.'
 
 
 5
 As the district court recognized, these facts raise a serious question of champerty which must be decided in accordance with the law of Pennsylvania, since Pennsylvania is the forum of this diversity action. Under the common law of Pennsylvania, an arrangement offends public policy against champerty and is illegal if it provides for the institution of litigation by and at the expense of a person who, but for that agreement, has no interest in it, with the understanding that his reward is to be a share of whatever proceeds the litigation may yield. Richette v. Pennsylvania R.R., 1963, 410 Pa. 6, 187 A.2d 910; Ames v. Hillside Coal & Iron Co., 1934, 314 Pa. 267, 171 A. 610. Accord, Restatement, Contracts 542. A plaintiff who sues on what would be another's claim except for such a champertous agreement will not be permitted to maintain an action. Ames v. Hillside Coal & Iron Co., supra.
 
 
 6
 On its face the present complaint seeks nothing but redress for harms suffered by a Delaware corporation at the hands of its officers and directors. Cf. Beeber v. Wilson, 1926, 285 Pa. 312, 131 A. 854. True, a stockholder has an interest in such claims and, if the corporation refuses to act, may vindicate that interest in equity through a stockholder's derivative suit. Murdock v. Follansbee Steel Corp., 3d Cir., 1954, 213 F.2d 570. But, in Delaware where this business is incorporated, as elsewhere, only one who is the legal or equitable owner of stock at the time of suit is recognized as thus interested. Rosenthal v. Burry Biscuit Corp., 1948, 30 Del.Ch. 299, 60 A.2d 106; Hurt v. Cotton States Fertilizer Co., 5th Cir., 1944, 145 F.2d 293, cert. denied 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406. One who was a stockholder at the time of the alleged intra-corporate wrong and, knowing of the wrong, thereafter sold his stock has in legal contemplation become a stranger to any controversy about the matter. Mitchell v. Beachy, 1921, 110 Kan. 60, 202 P. 628. Admittedly, Kline knew of the alleged wrongs when he sold his stock.
 
 
 7
 Thus, neither derivatively nor directly does the appellant show any standing to litigate the claims he asserts, except by force of his 1963 agreement with Kenrich Corporation. And, as the sole basis of his asserted standing to sue, that agreement is champertous and legally ineffective.
 
 
 8
 The district court acted correctly both in dismissing the present action with prejudice as to the appellant Kline and in acting without prejudice to any claim Kenrich Corporation may choose to assert against the appellees.
 
 
 9
 The judgment will be affirmed.