Joy C. NORTON, et al., Plaintiffs,

v.

**NATIONAL RESEARCH FOUNDATION, et al., Defendants.**

No. 91–2085–L.

United States District Court, D. Kansas.

Feb. 28, 1992.

Gary D. Rappard, Bruce Hanson, Kansas City, Mo., Luke G. Conley, Sacramento, Cal., for plaintiffs Joy C. Norton, Virginia C. Nutt and Valerie (NMI) Marriage.

N. Jack Brown, John L. Hampton, Boddington & Brown, Chtd., Kansas City, Kan., Andrew D. Lyons, Copilevitz, Bryant, Gray & Jennings, Samuel F. Zickefoose, Boddington & Brown, Overland Park, Kan., for defendants Nat. Research Foundation, Leroy (NMI) Fetterolf, Lois M. Fetterolf, Marilynn M. Keener, Martin T. Keener, Marsha (NMI) Keener, Ted (NMI) Keener, Jr., and Phyllis (NMI) Nybakken.

MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In this shareholders' derivative action plaintiffs challenge the propriety of actions taken by the board of directors of National Research Foundation ("National Research"

or "the corporation"), a nonprofit corporation chartered in Kansas. The case is currently before the Court on a motion to dismiss (Doc. # 17) filed by defendants on November 15, 1991, and on a motion to dismiss or for more definite statement (Doc. # 35) filed by defendants on January 24, 1992. After considering the briefs filed by the respective parties,[1] the Court is now prepared to rule. For the reasons more fully set forth below, the motion to dismiss filed on November 15 is denied, and the motion to dismiss or for more definite statement filed on January 24 is denied as moot.

## I. FACTS

Plaintiffs are the daughters and widow of Lawrence J. Marriage, a former California resident and shareholder in National Research. That corporation was formed in the 1950s by Ira Marriage, who is the grandfather of plaintiffs Norton and Nutt. Ira Marriage, a former Kansas resident, died testate in 1989. Plaintiffs contend that defendants, who are themselves shareholders, officers, and directors of this family corporation, unlawfully usurped corporate opportunities, violated their fiduciary duties, and fraudulently enriched themselves at the expense of the corporation and its other shareholders. Defendants deny these allegations.

A key issue in this dispute relates to the standing of the plaintiffs to bring this derivative suit. Defendants claim that plaintiffs are not currently "shareholders" of the corporation, and that they therefore are not proper parties to bring this action. Plaintiffs contend, however, that they have standing to sue because they obtained shares in the corporation by operation of law after the deaths of Ira and Lawrence Marriage.

Ira Marriage died in Kansas in 1989. Under the terms of his will, plaintiffs Norton and Nutt were bequeathed one-sixth of Ira's 9,600 shares in the corporation. Apparently, the will has been admitted to pro-

bate in Kansas, but the shares have not yet been distributed to Norton and Nutt. It is undisputed that Ira Marriage was the owner of these shares at the time of the challenged transactions.

Lawrence Marriage, the father of Norton and Nutt and the husband of plaintiff Valerie Marriage, died intestate in California in 1986. According to plaintiffs, Lawrence's 100 shares of the corporation, which he acquired in 1958, devolve upon them by operation of California intestacy law. These shares also have not yet been distributed to Lawrence's heirs. As of September 13, 1991, the only shareholders of record in the corporation were Lawrence Marriage, Marianna Weaver, Lois Fetterolf, Marilynn Keener, and Ira Marriage.

## II. MOTION TO DISMISS STANDARDS

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their theory of relief that would entitle them to recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court construes all reasonable inferences in favor of the plaintiffs, and the pleadings must be liberally construed. *Id.;* Fed. R.Civ.P. 8(a). Allegations in the complaint are accepted as true unless controverted by submitted affidavits. *Behagen v. Amateur Basketball Assoc.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985).

## III. NOVEMBER 15 MOTION TO DISMISS

Federal Rule of Civil Procedure 23.1 governs derivative actions brought in federal court. That rule provides:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation ... the

---

**1.** The Court finds that oral argument was not requested and is not necessary for the resolution of these motions. D.Kan. Rule 206(d).

complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law.... [2]

In this case, plaintiffs contend that they meet the requirements of Rule 23.1 because their shares devolved upon them by operation of law after the deaths of Ira and Lawrence Marriage. Defendants claim, however, that these shares have not yet "devolved" because plaintiffs are not shareholders of record on the corporation's books. Although it is not entirely clear from the defendants' briefs, they seem to argue that the term "shareholder," as it is used in the phrase "brought by one or more *shareholders*," means shareholders of record. They claim that the plaintiffs were not shareholders when they brought this suit, as required by Rule 23.1. Plaintiffs contend that they need not be shareholders of record, and that even equitable owners of a corporation's stock may bring derivative actions. The central issue thus becomes the meaning of the term "shareholder."

The definition of this term affects the substantive rights of the parties to shareholder derivative suits, implicating the choice of law rules enunciated in *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In diversity suits such as this, courts have generally concluded that the applicable state substantive law must be used to determine whether plaintiffs are shareholders within the meaning of Rule 23.1. *See, e.g., Rosenfeld v. Schwitzer Corp.*, 251 F.Supp. 758 (S.D.N.Y.1966); 7C C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*

§ 1826, at 43 (1986). *But see H.F.G. Co. v. Pioneer Pub. Co.*, 162 F.2d 536 (7th Cir. 1947). The plaintiffs' status as shareholders is tested by the law of the corporation's state of incorporation; in this case, Kansas. *See* Wright & Miller, *supra*, § 1826, at 45; *see also* Restatement (Second) of Conflict of Laws § 182 (1971).

The Court must determine whether plaintiffs, who are not shareholders of record and have not yet received the shares to which they claim they are entitled under the probate laws of California and Kansas, may properly maintain this suit.[3] Several courts, relying on state law, have adjudicated derivative suits brought by plaintiffs who were not shareholders of record or who were merely beneficial owners of the corporation's stock. Wright & Miller, *supra*, § 1826, at 45–46. The Court is unaware of any authority from Kansas courts on this subject, however.

Defendants appear to argue that, because plaintiffs have not received their stock from the estates of Ira and Lawrence Marriage, they are actually only equitable owners of the stock at this time. Defendants assert that Kansas does not allow derivative actions to be filed by equitable owners of the corporation's stock. The Court disagrees with the defendants' characterization of the plaintiffs' status as merely equitable owners. Moreover, it would be pointless to place this lawsuit on hold until the machinery of the state probate system processes the estates of Ira and Lawrence Marriage and the stock is physically transferred to the plaintiffs. The Court holds that in situations such as the one at bar, even if plaintiffs are deemed to have only equitable rights in the stock, they still have standing to sue.

Defendants cite *Mitchell v. Beachy*, 110 Kan. 60, 202 P. 628 (1921), and *Fry v.*

---

**2.** The Kansas rule of civil procedure is in accord with the Federal Rule. K.S.A. § 60–223a (1983).

**3.** Under Kansas law, the shares of Ira Marriage that were willed to plaintiffs Norton and Nutt passed to them on the date that Ira Marriage died. *See Peterson v. Peterson*, 173 Kan. 636, 640, 251 P.2d 221 (1952) ("By law the whole of an estate vests in the heirs, testate or intestate, at the death of an ancestor."). California law

similarly transferred the rights to Lawrence Marriage's stock to plaintiff Valerie Marriage at the time of Lawrence's death. *See* Cal.Probate Code § 100 (West 1991) (one-half of community property passes to surviving spouse "upon the death" of married person); *id.* § 101 (one-half of quasi-community property passes to surviving spouse "upon the death" of a married person).

*Rush,* 63 Kan. 429, 65 P. 701 (1901), for the proposition that Kansas requires legal ownership of stock to maintain a derivative action. Neither case, however, addresses the standing of equitable shareholders, and neither suggests that plaintiffs must be shareholders of record to sue. Moreover, the Court was unable to locate any pronouncement on this issue by the Kansas Supreme Court. Most states, however, allow equitable shareholders to bring such lawsuits. *See, e.g., Hirshfield v. Briskin,* 447 F.2d 694, 698 (7th Cir.1971); *deHaas v. Empire Petroleum Co.,* 435 F.2d 1223, 1227 (10th Cir.1970) (allowing equitable shareholders to sue, in accordance with the general federal rule and the holding of a majority of state courts); *Edgeworth v. First Nat'l Bank of Chicago,* 677 F.Supp. 982, 992–93 (S.D.Ind.1988) (applying federal law to allow beneficiary of trust to sue); *Rosenfeld v. Schwitzer Corp.,* 251 F.Supp. 758, 762 (S.D.N.Y.1966) ("The overwhelming weight of authority supports the view that an equitable owner of shares need not be a stockholder of record in order to institute and maintain a derivative action."); 19 Am.Jur.2d *Corporations* § 2344 (1986). *But see Klopstock v. Superior Court of San Francisco,* 17 Cal.2d 13, 108 P.2d 906 (1941) (shareholder cannot bring derivative suit until shares acquired by will are actually distributed).

The Kansas Corporation Code is modeled after the Delaware Code, and Kansas courts often look to Delaware case law for guidance. *Pottorf v. United States,* 773 F.Supp. 1491, 1494 (D.Kan.1991). Delaware recognizes the right of equitable stock owners to file derivative suits. *See Kenrich Corp. v. Miller,* 377 F.2d 312, 314 (3d Cir.1967). The Court is convinced that, if the issue were raised, the Kansas Supreme Court would allow the plaintiffs in this case to bring this derivative action. These plaintiffs are "shareholders," as that term is used in Fed.R.Civ.P. 23.1, and they have standing to bring this action.

Defendants also claim that the other pleading requirements of Fed.R.Civ.P. 23.1 were not met by the plaintiffs. This assertion is without merit. Plaintiff's first amended complaint sets forth the efforts made by plaintiffs to obtain the action they desire directly from the board of directors and the reasons that these efforts were unsuccessful. Moreover, the Court believes that these plaintiffs will adequately represent the interests of similarly situated shareholders, if any. Therefore, the defendants' motion to dismiss is denied.

## IV. JANUARY 24 MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

■ Defendants' filed on January 24, 1992, a motion to dismiss or for more definite statement (Doc. # 35), challenging the plaintiffs' allegations in paragraph 26 of their first amended complaint. According to defendants, paragraph 26 alleged fraud, but did not specify the circumstances constituting the alleged fraud as required by Fed.R.Civ.P. 9(b).

In apparent response to this motion, plaintiffs filed a "Supplement to Plaintiffs' Second Amended Petition for Damages." This appears to be an amended complaint which includes a more specific statement of the allegations of fraud originally pled in paragraph 26. Because the Court holds that the allegations of fraud as pled in this amended petition comport with the requirements of the Federal Rules of Civil Procedure, defendants' motion to dismiss or for a more definite statement is denied as moot. Defendants now have sufficient information upon which to form a defense to the charge of fraud.

It is therefore ordered by the Court that defendants' motion to dismiss filed on November 15 (Doc. # 17) is denied, and defendants' motion to dismiss or for a more definite statement filed on January 24 (Doc. # 35) is denied as moot.

IT IS SO ORDERED.