**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1414
_____

JAMES RIFFIN,
                              Appellant

v.

CONSOLIDATED RAIL CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05685)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 3, 2019
Before:  KRAUSE, SCIRICA, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Pro se Appellant James Riffin appeals from the District Court's order dismissing

his complaint for lack of standing.  For the reasons discussed below, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Riffin filed his complaint in the United States District Court for the Eastern District of Pennsylvania in December 2017. The complaint raised federal claims, see generally 49 U.S.C. §§ 10903, 11704(b), against Consolidated Rail ("Conrail"), a Pennsylvania corporation. The claims stemmed from a dispute over Conrail's sale of a historic rail property to eight developers (the "LLCs"). See generally City of Jersey City v. Consol. Rail Corp., 668 F.3d 741, 742–44 (D.C. Cir. 2012). Riffin did not allege that he was affiliated with the LLCs or involved with the sale.

The sale has resulted in protracted litigation among various parties, in different forums, for over a decade. Id. The litigation includes claims that the LLCs brought against their title insurer ("Chicago Title") and claims that Chicago Title brought against Conrail. See generally 212 Marin Boulevard, LLC v. Chi. Title Ins. Co., No. A-0774-17T2, 2019 WL 287215, at *1 (N.J. Super. Ct. App. Div. Jan. 23, 2019). Riffin alleged that the LLCs and Chicago Title reached a settlement in which, among other things, Chicago Title agreed to pay $5 million to the LLCs. Riffin claimed that Chicago Title also agreed to assign certain rights, including its subrogation claims against Conrail, to the LLCs. Riffin maintained that the LLCs later assigned those rights to him. The claims in his complaint are premised solely on the assignment of those rights.

Conrail filed a motion to dismiss. The District Court granted the motion, determining that Riffin lacked standing. This appeal ensued.

2

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a District Court's decision to dismiss for lack of standing." Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield, 890 F.3d 445, 449 (3d Cir. 2018) (citation omitted). When a party contests the sufficiency of the pleadings to establish standing, we "consider the allegations of the complaint and documents referenced therein and we do so in the light most favorable to the plaintiff." Id. (quotation marks and citations omitted). As with motions to dismiss, generally, we may also consider matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). We exercise plenary review over a district court's choice-of-law analysis. Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co., 609 F.3d 223, 229 n.1 (3d Cir. 2010).

## III.

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). To establish Article III standing, a plaintiff must demonstrate: "(1) . . . an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Cottrell v. Alcon Labs., 874 F.3d 154, 162 (3d Cir. 2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)).

Here, Riffin alleged that he had standing based on the purported assignment of the LLCs' rights (acquired from Chicago Title) to bring certain claims against Conrail. Because we conclude that the assignment to Riffin is invalid, he lacks standing. See Am. Orthopedic & Sports Med., 890 F.3d at 455 (plaintiff asserting rights pursuant to invalid assignment lacked standing); Kenrich Corp. v. Miller, 377 F.2d 312, 314 (3d Cir. 1967) (applying Pennsylvania's champerty doctrine and affirming dismissal for lack of standing based on champertous assignment).[1]

Under Pennsylvania's champerty doctrine, "an arrangement offends public policy against champerty and is illegal if it provides for the institution of litigation by and at the expense of a person who, but for that agreement, has no interest in it, with the understanding that his reward is to be a share of whatever proceeds the litigation may yield." Kenrich Corp, 377 F.2d at 314. "[T]he common law doctrine of champerty remains a viable defense in Pennsylvania," and, "if an assignment is champertous, it is invalid." Frank v. TeWinkle, 45 A.3d 434, 438 (Pa. Super. Ct. 2012). "An assignment is champertous when the party involved: (1) has no legitimate interest in the suit, but for the agreement; (2) expends his own money in prosecuting the suit; and (3) is entitled by the bargain to share in the proceeds of the suit." Id. at 438–39.

Here, Riffin's agreement with the LLCs, which was referenced in Riffin's complaint and is contained in the record, satisfies each of these elements. First, but for

---

[1] The invalidity of the assignment here, without more, is sufficient to conclude that Riffin lacks standing. Thus, we need not consider Conrail's remaining arguments that he lacks standing.

4

the agreement, Riffin did not allege that he has any personal interest in his claims, which stem from a dispute between the LLCs, Chicago Title, and Conrail. Second, the agreement provides that the LLCs shall incur no expenses from Riffin's prosecution of the claims. Thus, Riffin "is using his own money to finance the suit[], as he is the pro se plaintiff and is therefore responsible for filing fees and other associated costs." Frank, 45 A.3d at 439. And third, the agreement provides that Riffin is entitled to a percentage of any proceeds from the claims. Thus, the assignment to Riffin is champertous, and therefore invalid, under Pennsylvania law.

But our discussion cannot end there because, as the parties agree, New Jersey law does not prohibit champerty. See Sweeney v. Veneziano, 175 A.2d 241, 245 (N.J. Super. Ct. App. Div. 1961). Riffin argues that the District Court should have applied New Jersey law to determine whether the assignment was valid, whereas Conrail maintains that the District Court correctly applied Pennsylvania law. To resolve this issue, we "apply Pennsylvania's choice-of-law principles as the [district] court was in the Eastern District of Pennsylvania." Gay v. CreditInform, 511 F.3d 369, 389 (3d Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)).

Applying Pennsylvania's choice-of-law principles, we first conclude that there is a true conflict here, as both jurisdictions' interests would be at least somewhat "impaired by the application of the other's laws." Hammersmith v. TIG Ins. Co., 480 F.3d 220, 230 (3d Cir. 2007). Thus, we proceed to ask which state has the "greater interest in the application of its law." Id. at 231 (quotation marks and citation omitted). "This analysis

5

requires more than a mere counting of contacts. Rather, we must weigh the contacts on a qualitative scale according to their relation to the policies and interests underlying the [particular] issue." Id. (quotation marks and citations omitted, alteration in original).

We agree with the District Court's conclusion that Pennsylvania has the greater interest in the application of its law here. While there are some contacts with both states,[2] Pennsylvania's interests in applying its champerty doctrine to claims against a Pennsylvania corporation prevail. As this Court has recognized, a champertous assignment "offends public policy . . . and is illegal" under Pennsylvania law. Kenrich Corp, 377 F.2d at 314; see also McIlvaine Trucking, Inc. v. W.C.A.B. (States), 810 A.2d 1280, 1286 (Pa. 2002) (resolving contractual choice-of-law dispute in favor of applying Pennsylvania law, and emphasizing that "agreements may be avoided where, as here, their terms offend [Pennsylvania] public policy"). In contrast, Riffin has cited no authority to support his argument that New Jersey has a strong interest in the enforcement of such assignments; rather, New Jersey courts have merely held that the defense of champerty "does not apply in this State." Sweeney, 175 A.2d at 245.

---

[2] In particular, we note that Conrail is a Pennsylvania corporation and that the dispute stems, in part, from the sale of a property in New Jersey. We also note that Riffin alleged that he was domiciled in Maryland, that the LLCs' were managed by a New York resident who purportedly assigned the LLCs' rights to Riffin, and that the assignment was made in Maryland (though Riffin alleges that the assignment was negotiated in New Jersey). While neither party presses an argument that New York or Maryland law applies, see Williams v. BASF Catalysts LLC, 765 F.3d 306, 316 (3d Cir. 2014) ("parties may waive choice-of-law issues"), we note that those jurisdictions recognize the defense of champerty. See Justinian Capital SPC v. WestLB AG, N.Y. Branch, 65 N.E.3d 1253, 1254 (N.Y. 2016); Accrued Fin. Servs., Inc. v. Prime Retail, Inc., 298 F.3d 291, 300 (4th Cir. 2002).

Because Pennsylvania law applies, the purported assignment to Riffin is champertous, and, therefore, it is invalid.  Thus, Riffin lacked standing to bring his claims here.  See Am. Orthopedic & Sports Med., 890 F.3d at 455.

Accordingly, we will affirm the judgment of the District Court.  In doing so, we hold only that the purported assignment is invalid for purposes of Riffin's standing to bring his claims here, and we express no opinion on the validity of the assignment for any other purposes.[3]

---

[3] Riffin's motion for an extension of time to file his reply brief is denied as unnecessary. The Clerk verbally granted his request to file his reply brief no later than June 11, 2019, and his reply brief filed on June 10, 2019, is timely.  See 3d Cir. L.A.R. 31.4.