JAMES POLLITZ, Respondent, *v.* GEORGE J. GOULD et al., Appellants, Impleaded with Others.

Corporations — a stockholder may bring an action for himself and the other stockholders to set aside a transaction consummated in fraud of the corporation before he acquired his stock.

1. A stockholder has an indivisible interest in the property and assets of a corporation subject to the discharge of its obligations. This indivisible interest, generally speaking, is represented by certificates of stock and is transferred by their transfer, and a right of action by or in behalf of the corporation for fraud to set aside a conveyance of its assets, or to avoid obligations imposed upon it, is part of its rights, property and assets in which a stockholder has this indivisible interest which passes by the transfer of his certificates.

2. A stockholder may bring an action in behalf of the corporation for the benefit of himself and all other stockholders to set aside as fraudulent an improper transaction consummated at the expense of the corporation before he acquired his stock.

*Pollitz* v. *Gould*, 142 App. Div. 939, affirmed.

(Argued March 16, 1911; decided April 25, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1911, which affirmed an order of Special Term denying a motion to dismiss the complaint upon the pleading.

The following questions were certified: "1. Does the fact that the plaintiff acquired his stock of the defendant, the Wabash Railroad Company, upon which he bases his right to ask the court to enforce a cause of action in favor of the railroad company against the individual defend-

ants, after all the transactions which the plaintiff insists imposed a liability in favor of the railroad company against the individual defendants had been consummated, all stocks and bonds issued and the transactions complained of in all respects completed, prevent the plaintiff from maintaining this action ?   2. Is the enforcement of such a cause of action confined to stockholders who actually owned stock at the time the transactions complained of were consummated and completed ? ".

The nature of the action and the facts, so far as material, are stated in the opinion.

*Rush Taggart, Lawrence Greer* and *F. C. Nicodemus, Jr.*, for appellants.   The right to enforce a cause of action on behalf of a corporation, which the directors or trustees have refused, failed or are disqualified to prosecute, is limited to aggrieved stockholders in whom the right of disaffirmance is vested.   A subsequent purchaser of stock does not acquire or succeed to such right and has no standing in a court of equity to prosecute such a suit.   (*Upton* v. *Basset*, Cro. Eliz. 445; *Prosser* v. *Edmonds*, 1 Y. & C. 481; *Foss* v. *Harbottle*, 2 Hare, 461; *Mozley* v. *Alston*, 1 Ph. Ch. 790; *Dodge* v. *Woolsey*, 18 How. [U. S.] 331; *Graham* v. *R. R. Co.*, 102 U. S. 148; *Hawes* v. *Oakland*, 104 U. S. 450; *Alexander* v. *Searcy*, 81 Ga. 536; *Boldenweck* v. *Bullis*, 40 Col. 253; *S. W. N. G. Co.* v. *F. F. G. Co.*, 145 Penn. St. 13.)

*J. Aspinwall Hodge* and *Stephen M. Yeaman* for respondent.   The objection to the right of the plaintiff to bring this action because he was not a stockholder at the time of the commission of the acts complained of cannot be sustained.   (*Ramsay* v. *Gould*, 57 Barb. 398; *Young* v. *Drake*, 8 Hun, 61; *Ervin* v. *Oregon Ry. Co.*, 35 Hun, 544; *Frothingham* v. *B. R. R. Co.*, 9 Civ. Pro. Rep. 304; *Sayles* v. *Bank*, 18 Misc. Rep. 155; 18 App. Div. 590; *O'Connor* v. *Virginia, etc , Co.*. 46 Misc. Rep.

530, 535; *Boardman* v. *L. S. & M. S. R. R. Co.*, 84 N. Y. 157; *Jermain* v. *L. S. & M. S. R. R. Co.*, 91 N. Y. 483; *Campbell* v. *A. Z. Co.*, 122 N. Y. 455; *Drake* v. *N. Y. Suburban W. Co.*, 26 App. Div. 499, 511; *Fitchett* v. *Murphy*, 46 App. Div. 181; *Hanna* v. *Lyon*, 179 N. Y. 107; *Robertson* v. *de Brulatour*, 185 N. Y. 301.)

HISCOCK, J.   This action was brought by plaintiff as a stockholder in the Wabash Railroad Company in behalf of said company for the benefit of himself and all other stockholders to set aside as fraudulent a transfer and exchange of several millions of dollars par value of its stock for an equivalent amount of the capital stock of the Wabash Pittsburg Terminal Railway Company.   It is unnecessary to go into the details of the transaction which is being attacked by the plaintiff through and in behalf of the company, for the sole question presented for our consideration may be discussed without doing this. This question is whether a stockholder may bring an action of this character for the purpose of avoiding an improper transaction consummated at the expense of the corporation before he acquired his stock, and as presented here the question is unembarrassed by any incidental considerations, as, that the prior holder of the stock consented to the transaction or that plaintiff's subsequent acquisition of the stock was accompanied by any circumstances which would render it inequitable for him to seek relief.

While somewhat strangely this question does not appear to have been decided by this court, it has been passed on by the lower courts of this state and by those of many other states and by the Supreme Court of the United States.   It has also been somewhat considered by the courts of England.   Conflicting conclusions have been reached by these decisions.   Without reviewing the English authorities, which so far as cited do not seem to be very decisive, reference may be made to the decisions in this country.

The question was presented in *Hawes* v. *Oakland* (104 U. S. 450), and it was there held that a stockholder might not bring an action in behalf of the corporation to avoid a fraudulent transaction consummated before he acquired his stock. While the question was directly passed on it is fair to state that it was not considered at any great length and that the court seems to have been more concerned with establishing this rule as one of practice than of substantive law. The decision resulted in the adoption of a rule requiring the plaintiff in such an action to show before bringing suit that he owned the stock on which it was brought at the time the transaction complained of occurred, and whether it be regarded as establishing a principle of law or a rule of practice this authority has been subsequently followed in the United States courts.

In addition, this rule in such a stockholder's action has been approved in the following cases: *Alexander* v. *Searcy* (81 Ga. 536); *Boldenweek* v. *Bullis* (40 Colo. 253); *Rankin* v. *S. W. B. & I. Co.* (12 N. Mex. 54); *Moore* v. *Silver Valley Co.* (104 N. C. 534); *Clark* v. *American Coal Co.* (86 Ia. 436); *Home Fire Ins. Co.* v. *Barber* (67 Neb. 644).

The contrary doctrine that a stockholder acquiring his stock subsequent to the occurrence complained of may maintain this character of an action has been affirmed in the following cases outside of this state: *Winsor* v. *Bailey* (55 N. H. 218); *City of Chicago* v. *Cameron* (22 Ill. App. 91; affirmed, 120 Ill. 447); *Montgomery Light & Power Co.* v. *Lahey* (121 Ala. 131); *Forrester* v. *B. & M., etc., Co.* (21 Mont. 544, 565); *Just* v. *Idaho, etc., Co.* (102 Pac. Rep. 381); *Rafferty* v. *Donnelly* (197 Pa. St. 423); *Appleton* v. *Am. Malting Co.* (65 N. J. Eq. 375).

It has also been approved in this state directly or indirectly in the following cases: *Ramsey* v. *Gould* (57 Barb. 398); *Young* v. *Drake* (8 Hun, 61); *Ervin* v. *Oregon Ry. & N. Co.* (35 Hun, 544); *Frothingham* v. *Broadway &*

*Seventh Ave. R. R. Co.* (9 Civ. Pro. Rep. 304); *Sayles* v. *Central Nat. Bank* (18 Misc. Rep. 155); *O'Connor* v. *Virginia P. & P. Co.* (46 Misc. Rep. 530, 535).

Assuming this question to be an open one in this court, we have no hesitation in approving the rule which has heretofore prevailed in this state, that in the absence of special circumstances this character of action may be maintained by a stockholder acquiring his stock subsequent to the transaction which is challenged, rather than the contrary one prevailing elsewhere. We do this not only because a long and uniform line of decisions by our own courts ought to have weight, but because the rule established by these decisions seems to be the sounder one.

A stockholder has an indivisible interest in the property and assets of a corporation subject to the discharge of its obligations. This indivisible interest generally speaking is represented by certificates of stock and is transferred by their transfer. The general character of these certificates and the effect of their transfer in passing the interest of the holder is too well established and understood to require any discussion. As an original proposition it would seem to be clear that a right of action by or in behalf of the corporation for fraud to set aside a conveyance of its assets or to avoid obligations imposed upon it is part of its rights, property and assets in which a stockholder has this indivisible interest transferable by the transfer of his certificates. I am unable to see any real or substantial distinction by virtue of which a stockholder transferring his certificates would transfer all of his indivisible interest in bonds or real estate on hand, but would not transfer his interest in a right of action to recover bonds or real estate which had been fraudulently withdrawn from the possession of the corporation, and which it was entitled to recover. And if the subsequent holder by acquiring the certificates does acquire such latter interest, it seems to follow that he may if necessary,

in behalf of the corporation, assert and .prosecute an action to protect and enforce the same.

Brief reference may be made to some of the reasons advanced in opposition to this view. Counsel points out practical inconvenience which he says will result from its application owing to the difficulties in tracing stock and distinguishing that which has not assented to the transaction from that which has or from that which perhaps has been issued since its consummation. These arguments, however, are so counterbalanced by corresponding claims from the opposite standpoint as to be of little weight.

Again, it is argued that if one buys stock subsequent to the transaction he should be regarded as buying subject to it and not be permitted to question it. If the prior holder should give binding consent to the transaction, this under certain circumstances undoubtedly would prevent the subsequent purchaser from questioning it. But, in the absence of special circumstances, I fail to see any principle of estoppel or logic which makes a subsequent purchase of stock so subject to a fraudulent corporate transaction that the purchaser may not insist upon its being set aside. There is scarcely any analogy between the situation of one who buys from an individual some property which has been subjected to a transaction which has not been disaffirmed and that of one who purchases stock in a corporation which has the continuing right both before and after the purchase to disaffirm a wrong which has been perpetrated on it by its agents. There is little or no basis for the practical consideration that one who buys stock should be deemed to have adjusted his price to an existing transaction even though voidable. If he knows of it he may just as properly be assumed to have adjusted his price to the knowledge that the transaction may still be disaffirmed and avoided.

Then, lastly, an argument is made which seems to be founded on the idea that in order to bring an action of

this nature the stockholder must in effect disaffirm the corporate transaction and that this disaffirmance involves a personal right of election which vests in the one holding the stock when the transaction is consummated and which cannot be transferred. It is said "the right to question a fraud is not a purchasable commodity," and is not "capable of assignment and transfer," and does not pass "as an implied incident to every sale of corporate stock," and this view seems to be supported by some of the many cases which have been collected and reviewed by counsel with manifest industry and care.

So far as this argument means to assert that a mere naked right to question a corporate transaction could not be transferred to a stranger, if such an attempt can be conceived of, it may be assumed to be true. But the assertion that the right to protect stock by procuring an improper corporate transaction to be vacated does not pass on a transfer of the stock is a very different proposition.

The election to disaffirm a fraudulent corporate transaction belongs to and is exercised in the right and name of the corporation and not of the stockholder. The stockholder demands that the right shall be exercised and the cause of action be prosecuted by the corporation or does it himself for the corporation. It is conceded that the one holding the stock when the fraud is consummated has this right. When he transfers his certificates the transaction still stands a continuing wrong impairing the surplus of the company and affecting the stock. If the transferee has the right to have it avoided this will protect and increase the value of his stock. If he has not acquired this right it is the only one held by his predecessor·in or through the corporation, which has been thought of, which has not been transferred by the transfer of the stock. It will be an anomalous exception if the prior holder retains the right to maintain or have maintained this action while he passes all of his other rights by the transfer of his stock. The only justification pleaded for

this is the idea suggested of a personal and non-transferable right of election to disaffirm vested in the original holder. But this theory is entirely unsubstantial. Such prior holder does not acquire this right to object to the transaction and bring an action to set it aside as a power conferred upon him by reason of any personal qualities, but because of his character as a stockholder, and when he loses this character and transfers it to another with his stock there is no reason why the latter should not exercise the right as a proper and necessary incident to his stock ownership.

The order should be affirmed, with costs, and both questions certified to us answered in the negative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur ; HAIGHT, J., absent.

Order affirmed.