## HAND v. KANSAS CITY SOUTHERN RY. CO. et al.

District Court, S. D. New York.

July 16, 1931.

Frank M. Swacker, of New York City (H. F. O'Donnell, of New York City, of counsel), for plaintiff.

Guggenheimer & Untermyer, of New York City, for defendant Kansas City Southern Ry. Co.

Samuel W. Moore, of New York City, for other defendants.

KNOX, District Judge.

This is a motion to dismiss the complaint. The action was begun in the Supreme Court of the state of New York, and was removed to this court, upon the petition of defendants, on the ground that the controversy involved a substantial federal question, to wit, the construction and effect of the Sherman Anti-Trust Law (15 USCA §§ 1–7, 15) and Clayton Act (38 Stat. 730).

Defendants now move to dismiss the complaint upon the following grounds: "First, that the state court did not have jurisdiction of the action, and that this court acquired none on removal here; and, secondly, that the complaint does not state facts sufficient to constitute a cause of action in equity."

The plaintiff, as an officer and stockholder of defendant corporation, seeks an accounting by the directors of defendant corporation for alleged breaches of trust growing out of alleged violations of the Sherman Anti-Trust Law and Clayton Act.

The complaint alleges: That the defendant directors conspired to have the defendant railway corporation acquire control of the Katy Railroad and the Cotton Belt Route; that, pursuant to such conspiracy, the defendant corporation acquired large blocks of the stocks of those railroads, in violation of the Sherman Anti-Trust Law and the Clayton Act; that the defendant corporation incurred a very substantial indebtedness in payment for such stocks; that several of the directors became directors of the Katy

Railroad and the Cotton Belt Route; and that the effect of such control was substantially to lessen the competition between the said lines. The complaint further alleges that the defendant directors caused such action to be taken by the defendant railroad that the stocks of the Katy Railroad and of the Cotton Belt Route, acquired as previously alleged, were sold at an actual loss to defendant corporation of at least $1,600,000, and for at least $3,800,000 less than they could have been made to yield; that the defendant Leonor F. Loree, and some of the other defendant directors, were confederated with other persons unknown to the plaintiff in dealing and speculating with stocks of defendant corporation for their own profit, for which they have never accounted to defendant; and that any profits realized thereon have not been paid over to or received by defendant corporation, except that a portion of the profits secured by defendant Leonor F. Loree was restored to defendant railroad corporation.

The plaintiff, at the outset, concedes the following propositions:

"1. That if the State court from which the cause was removed had no jurisdiction this court would dismiss the bill, even though it were one of which this court would have jurisdiction had it been brought here originally instead of in the State court.

"2. That the remedies provided by the Sherman Act and the Clayton Act are cognizable in the Federal court exclusively.

"3. That such remedies, in the case of common carriers subject to the Interstate Commerce Act, are available only at the suit of the Government and not to a stockholder or other private suitor."

Plaintiff concedes that, "if the bill sought any remedy provided by the Sherman Law or the Clayton Act, it should be dismissed on the foregoing grounds."

Plaintiff and defendant also agree that the only two civil remedies provided by the Sherman Anti-Trust Law and Clayton Act are injunctive relief against a threatened or continued violation of the acts, or treble damages in an action at law, and that these remedies are not available to plaintiff in this action because they are cognizable in the federal court exclusively, and the state court had no jurisdiction to give relief thereon.

It is defendant's argument that the remedies set forth in the Sherman and Clayton Acts are also *exclusive,* and that therefore this court, under its general equitable powers, cannot grant the complainant an accounting, since the state court had no jurisdiction in the premises. In support of this contention, defendant cites Paine Lumber Co. v. Neal, 244 U. S. 459, 37 S. Ct. 718, 61 L. Ed. 1256; General Investment Co. v. Lake Shore M. & S. R. Co., 260 U. S. 261, and 271, 43 S. Ct. 106, 67 L. Ed. 244; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; Decorative Stone Co. v. Building Trades Council (C. C. A.) 23 F.(2d) 426; and Geddes v. Anaconda Copper Mining Co., 254 U. S. 590, 41 S. Ct. 209, 210, 65 L. Ed. 425. None of these cases involved suits for an accounting.

In Minnesota v. Northern Securities Co., it was held that a *state* could not secure an *injunction* against a violation of the Sherman Anti-Trust Law by a common carrier.

In Paine Lumber Co. v. Neal, it was held that a *private party* could not obtain an *injunction* against a labor union for a violation of the Sherman Law.

In General Investment Co. v. Lake Shore M. & S. R. Co., it was held that a *private* suit to *enjoin* a violation of the Sherman or Clayton Acts could be brought only in the federal court.

In Decorative Stone Co. v. Building Trades Council, it was held that, in a suit in which an injunction was granted against threatened violation of the Clayton Act, the court could not also award treble damages for past violations. The court also held that, even though the complainant waived trebled damages, he could not have damages assessed by a jury in the injunction suit, since section 4 of the Clayton Act (15 USCA § 15) requires a trial by jury in a *common-law* action.

In Geddes v. Anaconda Copper Mining Co., it was found that the evidence failed to show such a combination in restraint of trade as to justify the granting of an injunction under section 16 of the Clayton Act (15 USCA § 26). The court held, however, that the minority stockholders were entitled to have a sale of the corporate property set aside, where the evidence showed that the consideration received therefor was inadequate. It is true that the opinion of the court stated that "It is now the settled law that the remedies provided by the Anti-Trust Act of 1890 [15 USCA § 1 et seq.] *for enforcing the rights created by it* are exclusive. * * *" (Italics mine.)

This declaration, however, is of no present aid to defendants, for the reason that plaintiff is not here seeking to enforce a right created by that act. On the contrary, he is

seeking merely to redress an injury to the corporate defendant, and which was inflicted as a result of an effort on the part of the defendant directors to accomplish a public wrong. There is therefore no occasion to measure plaintiff's remedial rights by the statutory penalties of the Sherman and Clayton Acts.

It should not be forgotten that in the Geddes Case the court exercised its general equitable powers to set aside a sale of property on the ground of inadequacy of consideration.

Similarly, in the case at bar, regardless of whether there was a violation of the Sherman Anti-Trust Law, it would seem that this court has jurisdiction to order an accounting for the alleged wasteful sale of the stock of defendant corporation.

In Guiterman v. Pennsylvania Railroad Co. (D. C.) 48 F.(2d) 851, decided by Judge Galston, March 31, 1931, it was held, upon a complaint very similar to the one here in question, that the state court had jurisdiction to grant an accounting for losses sustained by the defendant corporation by reason of the violation of the Sherman and Clayton Acts. Judge Galston's opinion is set out in full in the appendix to plaintiff's brief. It discusses the General Investment Co. Case at length, and concludes that its holding that a state court had no power to grant the statutory remedy of injunction did not foreclose a state court from granting an accounting. I agree with this conclusion.

In De Koven et al. v. Lake Shore & M. S. Ry. Co. et al. (D. C.) 216 F. 955, Southern District of New York, and in Boyd v. New York & Hudson R. Co. (D. C.) 220 F. 174, Southern District of New York, it was held, in effect, that, at the suit of a private party, courts are not without power to protect invaded rights merely because such invasion may also constitute a public wrong which carries exclusive statutory remedies. As was said by Judge Grubb (De Koven v. Lake Shore & M. S. Ry. Co. [D. C.] 216 F. 955, 958): "The providing of such a statutory remedy, which could be availed of only by the government, ought not to be construed to take away by implication the existing remedy of the individual stockholder under general equity principles." This is sound doctrine and ought to be good law.

■ Defendant further contends that the complaint does not state a cause of action in equity because it fails to comply with Federal Equity Rule 27 (28 USCA § 723). It is to be borne in mind that this suit came here upon the representation that it involves a federal question, and, assuming the determination that such is the fact to be correct, the objection to jurisdiction based on Equity Rule 27 (28 USCA § 723) is without merit.

The first portion of Rule 27, i. e., that a stockholder must have been such at the time of the commission of the wrongs complained of and that the suit is not collusive, has no application to cases depending upon a federal question. It applies only to cases where jurisdiction is based upon diversity of citizenship. Ball v. Rutland R. Co. (C. C.) 93 F. 513; Lindsley v. Natural Carbonic Gas Co. (C. C.) 162 F. 954. It was intended only to exclude cases brought by a stockholder collusively to give an apparent jurisdiction to a court which, but for the citizenship of the plaintiff, would not exist. Kelly v. Dolan (D. C.) 218 F. 966. The second portion of the rule, i. e., that due effort had been made to procure the corporation itself to act or the failure to do so explained, has been covered by the allegations in paragraph tenth of the complaint, to the effect that the defendant directors are still in control of the board, and that it would be futile to expect them to institute suit against themselves.

Furthermore, in the case of American Creosote Works v. Powell, 298 F. 417 (C. C. A. 5th), it was held that Equity Rule 27 (28 USCA § 723) is not jurisdictional, and that the requirement for certain preliminary steps by stockholders before bringing suit will be dispensed with, where the interests of the directors are shown by the pleadings to be antagonistic to the corporation. To the same effect, see also, Ogden v. Gilt Edge Consolidated Mines Co., 225 F. 723 (C. C. A. 8th).

■ It is further asserted, however, that, regardless of Rule 27, no cause of action with the equitable jurisdiction of the United States courts is stated. Defendant urges that, by reason of plaintiff's failure to allege himself to have been a shareholder of the corporation at the time of the transactions complained of, he has failed to show an injury entitling him to equitable relief. Such indeed is the law in some jurisdictions. See Home Fire Insurance Co. v. Barber, 67 Neb. 644, 93 N. W. 1024, 60 L. R. A. 927, 108 Am. St. Rep. 716; Alexander v. Searcy, 81 Ga. 536, 8 S. E. 630, 12 Am. St. Rep. 337; Boldenweck v. Bullis, 40 Colo. 253, 90 P. 634; Rankin v. S. W. B. & I. Co., 12 N. M. 54, 73 P. 614; Clark v. American Coal Co., 86 Iowa, 436, 53 N. W. 291, 17 L. R. A. 557.

The doctrine announced in these cases, however, was expressly rejected in the New York case of Pollitz v. Gould, 202 N. Y. 11, at page 15, 94 N. E. 1088, 38 L. R. A. (N. S.) 988, Ann. Cas. 1912D, 1098, where the court said: "Assuming this question to be an open one in this court, we have no hesitation in approving the rule, which has heretofore prevailed in this state, that in the absence of special circumstances this character of action may be maintained by a stockholder acquiring his stock subsequent to the transaction which is challenged, rather than the contrary one prevailing elsewhere."

Section 60 of the General Corporation Law of New York (Consol. Laws N. Y. c. 23) provides:

"An action may be brought against one or more of the directors or officers of a corporation to procure judgment for the following relief or any part thereof:

"1. To compel the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

"2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties. * * * "

This and the following section were held to apply to foreign corporations in Miller v. Quincy, 179 N. Y. 294, 72 N. E. 116. The complaint, in the instant case, therefore, states a cause of action under the substantive law of New York.

With regard to the Conformity Act, Rose's Federal Jurisdiction and Procedure (4th Ed.) makes the following statement, at page 517: "The statute has reference to cases at common law only. It does not apply to chancery suits for reasons which have already been fully explained. Nevertheless, Federal courts sitting as courts of equity, do administer the statutory law of the state. Its applicable statutes are enforced by a Federal chancellor precisely as they would be in a common law case except where they effect the line of demarcation between law and equity."

For the reasons stated, I believe the complaint states a cause of action in equity cognizable in this court, and defendants' motion to dismiss will be denied.