JEPSON, Appellant, v. PETERSON, et al, Respondents

(10 N. W.2d 749.)

(File No. 8597. Opinion filed August 20, 1943.)

**Dan McCutcheon,** of Belle Fourche, for Appellant.
**Philip & Leedom,** of Rapid City, for Respondent.

ROBERTS, P. J. This action was instituted by plaintiff as a minority stockholder in the Black Hills Amusement Company in behalf of himself and all other stockholders similarly situated. Plaintiff appeals from an order dismissing the complaint on the ground that it fails to state a claim upon which relief may be granted. Plaintiff applied for and obtained an order allowing the appeal.

The complaint alleges that defendant Peterson and two other officers and directors of the corporation, owning a majority of the outstanding stock, exercised during the

years from 1935 to 1939 entire control, management and supervision of the business of the corporation, and that a demand was made on the officers and directors of the corporation to commence an action in the name of the corporation, and that they refused to bring an action. The complaint further alleges that defendant Peterson, through collusion and conspiracy between himself and the two officers mentioned in the complaint, unlawfully and fraudulently and without any corporate authority for so doing misappropriated and converted to himself certain assets of the corporation. The complaint sets forth the specific acts complained of, but it is unnecessary to make a recital of such alleged facts.

The question presented on appeal is whether a stockholder may maintain a derivative action of this nature charging mismanagement or malfeasance on the part of the officers of the corporation prior to the acquisition of stock. The question has not been decided in this jurisdiction, and there appears to be a direct conflict of authority as to the right of a subsequent stockholder to complain of prior acts. The rule obtaining in the federal courts and in many of the state courts is that to entitle a minority stockholder to attack a wrongful transaction it must appear that he was a stockholder at the time of the commission of the act complained of or that his shares of stock have devolved on him since by operation of law. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Dimpfel v. Ohio & Mississippi R. Co., 110 U. S. 209, 3 S. Ct. 573, 28 L. Ed. 121; City of Quincy v. Steel 120 U. S. 241, 7 S. Ct. 520, 30 L. Ed. 624; Taylor v. Holmes, 127 U. S. 489, 8 S. Ct. 1192, 32 L. Ed. 179; McQuillen v. National Cash Register Co., 4 Cir., 112 F. 2d 877. The decision in the case of Hawes v. Oakland resulted in the adoption of a rule in the federal courts (Federal Rules of Civil Procedure, Rule 23(b), 28 U. S. C. A. following section 723c) requiring the plaintiff in such an action to plead that he "was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law." 13 Fletcher, Cyc. of Private Corpora-

tions, Perm. Ed., § 5981; Annotation: 38 L. R. A., N. S., 988; 13 Am. Jur., Corporations, § 457.

In Venner v. Great Northern R. Co., 209 U. S. 24, 28 S. Ct. 328, 330, 52 L. Ed. 666, it is said: "But this argument overlooks the purpose and nature of the rule. The rule simply expresses the principles which this court, after a review of the authorities, had declared in Hawes v. Oakland (Hawes v. Contra Costa Water Co.), 104 U. S. 450, 26 L. Ed. 827, to be applicable in the decision of a stockholder's suit of the kind now under consideration."

In Home Fire Insurance Company v. Barber, 67 Neb. 644, 93 N. W. 1024, 1028, 60 L. R. A. 927, 108 Am. St. Rep. 716, Roscoe Pound, Commissioner, speaking for the court said: "Sound reason and good authority sustain the rule that a purchaser of stock cannot complain of the prior acts and management of the corporation. * * * The rule that a suit for mismanagement cannot be maintained by one who was not a stockholder at the time has been criticised as based on jurisdictional considerations peculiar to the federal courts and on obsolete common-law doctrines as to champerty and maintenance. 4 Thomp. Corp. §§ 4569-4571; 1 Morawetz, Priv. Corp. § 270. In our judgment it does not depend upon either. The Federal equity rule, while designed in part to prevent collusive proceedings in fraud of the jurisdiction of those courts, goes far beyond the requirements of such a purpose. * * * The rule has its foundation in a sound and wholesome principle of equity, namely, that the rules worked out by chancellors in furtherance of right and justice shall not be used, because of their technical character, as rules to reach inequitable or unjust results. Resting on this basis, 'the value and importance of the rule * * * are constantly manifested.' Field, J., in Dimpfell v. Ohio & M. R. Co., 110 U. S. 209, 3 S. Ct. 573, 28 L. Ed. 121. The right of the stockholder to sue exists because of special injury to him for which otherwise he is without redress. If his interest is trifling, and the injury thereto of no consequence, he cannot sue to compel righting of wrongs to the corporation. * * * Hence there is obvious

reason for holding that one who held no stock at the time of the mismanagement ought not to be allowed to sue, unless the mismanagement or its effects continue and are injurious to him, or it affects him specially and peculiarly in some other manner."

In United Electric Securities Co. v. Louisiana Electric Light Co., C. C., 68 F. 673, 675, the court concluded that if this were not the rule "we might have a case where stock duly represented in a corporation consented to and participated in bad management and waste, and, after reaping the benefits from such transactions, could be easily passed into the hands of a subsequent purchaser, who could make his harvest by appearing and contesting the very acts and conduct which his vendor had consented to."

To the same effect are Mathews v. Fort Valley Cotton Mills, 179 Ga. 580, 176 S. E. 505; Clark v. American Coal Co. 86 Iowa 436, 53 N. W. 291, 17 L. R. A. 557; Pomeroy v. Farmers Savings Bank, 203 Iowa 524, 211 N. W. 219; Mitchell v. Beachy, 110 Kan. 60, 202 P. 628; Goldberg v. Ball, 305 Ill. App. 273, 27 N. E.2d 575; Boldenweck v. Bullis, 40 Colo. 253, 90 P. 634; Rankin v. Southwestern Brewery & Ice Co., 12 N. M. 54, 73 P. 614; News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741; Reils v. Nicholas, 137 Neb. 19, 287 N. W. 853; Solimine v. Hollander, 128 N.J.Eq. 228, 16 A.2d 203; Brooker v. William H. Thompson Trust Co., 254 Mo. 125, 162 S. W. 187; Matthews v. Headley Chocolate Co., 130 Md. 523, 100 A. 645. A contrary view is expressed in other jurisdictions to the effect that the cause of action for the wrongdoing of officers and directors is a part of the assets in which a stockholder has a transferable interest, that a transfer of his shares includes the ownership of incidents thereto, and that it is immaterial whether the stockholder who seeks to vindicate the right was such at the time of the wrongful transaction. Pollitz v. Gould, 202 N. Y. 11, 94 N. E. 1088, 38 L. R. A., N. S., 988, Ann. Cas. 1912D, 1098; Baker v. Allen, 292 Mass. 169, 197 N. E. 521; Just v. Idaho Canal & Improvement Co., 16 Idaho 639, 102 P. 381, 133 Am. St. Rep. 140; Forrester v. Boston & M. Consol.

Copper & Silver Min. Co., 21 Mont. 544, 55 P. 229, 353; see also 21 Harv. L. Rev. 195; 13 Fletcher, Cyc. of Private Corporations, Perm. Ed. § 5980.

An action of this nature by a stockholder in behalf of himself and other stockholders similarly situated has its foundation in equity. If a corporation refuses to prosecute an action in its favor, equity to prevent a failure of justice disregards the corporate entity and permits suit to be brought and maintained by a stockholder to protect rights beneficially belonging to him. The right exists because of special injury to him. We think that the decisions holding that a subsequent stockholder cannot maintain, for want of equity, a derivative suit complaining of the prior acts and management of the corporation, are sound. Plaintiff has not alleged as to when or how he acquired his shares of stock in defendant corporation or that he was a stockholder at the time of the alleged wrongful acts. We conclude as ruled by the court below that the complaint fails to state a cause of action.

The order appealed from is affirmed.

All the Judges concur.