No. 15,703.

HAHN *v.* PITTS.

(193 P. [2d] 716)

Decided May 3, 1948.

Messrs. GROVES & BANKS, Mr. WAYNE N. ASPINALL, for plaintiff in error.

174

Messrs. Moynihan-Hughes-Sherman, for defendant in error.

*In Department.*

Mr. Justice Jackson delivered the opinion of the court.

Plaintiff in error was the plaintiff, and defendant in error was one of the defendants in the trial court, and they will herein be so designated.

The complaint, filed December 29, 1943, was in the usual form to quiet title and for possession, plaintiff alleging that ten of the named defendants were all of the heirs-at-law of one Thomas A. Pitts, deceased, and that the defendant Ethel M. Pitts is the widow of said deceased; further, that since March 7, 1933, she has been, and now is, the duly appointed administratrix of the estate of said decedent under and by virtue of letters of administration issued to her by the county court of Mesa county; and that defendant was in possession of the following described property located in that county, to wit: South half of the northeast quarter (S½ NE-¼), southeast quarter of the northwest quarter (SE-¼ NW-¼) and the northeast quarter of the southwest quarter (NE-¼ SW-¼), section 32, township 10 south, range 96 west, 6th P. M., and certain water rights mentioned in the complaint.

Defendant Ethel M. Pitts, both in her administrative capacity and as an individual, accepted service of process. Thereafter, and on April 25, 1944, none of the defendants appearing, a decree was entered quieting title to the property in plaintiff, and a special execution in the nature of a writ of possession directing the sheriff to put plaintiff into immediate possession was issued May 22, 1944.

Shortly thereafter, May 31, 1944, defendant widow filed a motion to set aside the judgment quieting title

on the ground that she had entered into an agreement, the substance of which was that plaintiff and one Frank Wood, a son of the defendant by a former marriage, would advance sufficient money to acquire an outstanding tax certificate—plaintiff to make application for a treasurer's deed based on said tax sale, quiet the title to said property, deed it back to the defendant, and that she in turn was to execute a first mortgage to the plaintiff for the amount he expended and a second deed of trust to her son, Frank Wood, for his expenditures; but that the plaintiff failed to carry out the agreement with respect to redeeding the property, and that the first time she was aware of that fact was when she was served with a writ to vacate the premises.

Defendant also seeks an order decreeing said property to be held by plaintiff in trust for defendant, subject to plaintiff's right to have a lien against the property for money advanced.

Plaintiff, eleven months later, April 24, 1945, filed an answer to the defendant's motion to set aside the judgment.

The trial court found that, "There was an agreement between the plaintiff, Albert W. Hahn, and defendant, Ethel M. Pitts, that he would obtain a tax deed upon the property in question, quiet title thereto, and then deed the property to her, and thereupon take a first mortgage upon said property for any money he might advance." The court also found that a check for $522 given by Frank Wood to plaintiff Hahn was for the purpose of purchasing the tax certificate.

Accordingly, the court entered judgment that the property, title to which had heretofore been quieted in plaintiff, should be held by him in trust for the use and benefit of the estate of Thomas A. Pitts, deceased; that plaintiff had a first and prior lien against said property for $580.58 together with interest thereon at the rate of six per cent from date; that said Frank Wood had a second lien upon the property for the sum of $522 together

with interest thereon at the rate of six per cent from November 6, 1942. The judgment also contained a provision that in the event of the payment of the sum of $580.58 above mentioned within a specified time by defendant, plaintiff should deliver to Ethel M. Pitts a deed conveying the property to her as administratrix; that upon the happening of that event Frank Wood would have a first and prior lien against the real estate for the sum of $522. Defendant also was awarded her costs.

Plaintiff's first specification reads: "The facts set forth in the motion, and the undisputed evidence, conclusively show that the defendant was guilty of inexcusable neglect in not appearing in the original action, and in delaying her motion to set aside the judgment." The second specification is: "No meritorious defense was either stated in the motion or shown by the evidence." We can not agree with either of these contentions. For if the facts were as alleged by defendant, then the action to quiet title brought by plaintiff was a friendly suit to clear the title for defendant and the estate she was administering. On that theory, she naturally would sign a written acceptance of summons at the solicitation of plaintiff, would enter her appearance in court, and would not contest the entry of final judgment decreeing title in plaintiff. The first proceeding inconsistent with her understanding of what was to be done was the service of the writ dispossessing her of the property, and to this she reacted immediately by consulting counsel in a neighboring county and having him file the above-mentioned motion.

We are further of the opinion that the motion did set forth a meritorious defense. It charged that plaintiff, having agreed to bring the action to quiet title for her benefit and with some of the expenses to be paid by funds which she would procure through her son, did fraudulently mislead her and, having acquired title, kept it for his own exclusive use and benefit.

The testimony of plaintiff on the one side, and of de-

fendant and her son, Frank Wood, on the other, was admittedly conflicting and irreconcilable. But there are the admitted facts: (1) That plaintiff and defendant came to the court house together to check the taxes on the property in question, and (2) That they collaborated in the matter of plaintiff buying the outstanding tax sale certificate. There is also in evidence a letter from plaintiff to defendant's son reading as follows:

"Jan. 1 - 1944
Mesa, Colo.

"Mr. Frank Wood
Mesa, Colo.

"Dear Frank:

"Well the Pitts place is in Dist Court hand and up for me to be the goat, anyway they ask me to put up the Money and see to it. Be carefull dont damage destroy any property.

"Talk to you later Frank

"Sincerely
"Albert W. Hahn"

This letter was written three days after the issuance of summons in the action to quiet title.

Plaintiff on the witness stand stated the value of the property to be $1,800 or $2,000. His total costs in clearing the title, he stated, were about $1,000. Defendant's son, Frank Wood, had given plaintiff a check for $522 at this time. According to Wood, this was to cover the cost of buying the certificate of purchase. Plaintiff contended it was for payment of hay and grain. In any event, plaintiff, even according to his own figures, would nearly double his money if he took this title free of any obligation to defendant and the Pitts estate. It would seem his letter can be explained only on the theory that he had incurred an obligation in connection with the sale of the Pitts land.

Counsel for plaintiff has cited *Boldenweck v. Bullis*, 40 Colo. 253, 90 Pac. 634, as authority for their

178

contention; however, we believe the opinion in that case has the opposite import, as shown by the words: "Fraud which will vitiate a judgment * * * must be fraud in *procuring* the judgment." That would seem to be precisely the nature of the fraud which the trial court found to exist in this case.

■ The third specification is, "The court erred in enforcing an alleged oral agreement in violation of the statute of frauds." Counsel for plaintiff themselves have quoted from *Von Trotha v. Bamberger,* 15 Colo. 1, 7, 24 Pac. 883, as follows: "But, if it be clearly alleged and proved that the title has been fraudulently acquired, and is still held in fraud of the rights of another having a valuable interest in the premises, a trust by operation of law may be declared upon equitable terms."

The trial court evidently adopted this theory. In addition, counsel for defendant contend that part performance evidenced by three different episodes takes the case out of the statute of frauds. Regardless of this latter contention, we are of the opinion that the trial judge was justified in adopting the theory of either a constructive or resulting trust on account of the fraud of plaintiff.

■ Plaintiff's fourth specification is: "The judgment of the court was arbitrary and an abuse of its discretion, and was contrary to the evidence." From our discussion of the case, it is clear that we do not believe this specification has merit.

The fifth specification is, "The defendant did not come into equity with clean hands." This on the theory that the procedure which she claims to have adopted would have cut off the interest of the other nine heirs of Thomas Pitts in the property. The evidence disclosed that defendant had received only $175 of her widow's allowance of $2,000; that she had expended $414 of her insurance money in previously paying taxes levied on the property, making a total of $2,239 due her on those two items, without taking into consideration the $522

payment made by the check of her son, Frank Wood. On plaintiff's own valuation of the property, $1,800 or $2,000, it would appear inconsistent for him to urge this point. We note that the trial judge's decree runs in favor of the defendant *as administratrix;* hence, if there should be any surplus for the other heirs, their interests are protected.

▉ The sixth and final specification is: "The court erred in finding an agreement with Frank Wood and awarding a lien to him [for the $522 cash advanced] since this relief was not asked in the motion and Frank Wood was not a party to this action." Under Rule 71, R. C. P. Colo., it would appear that an order may be made in favor of one who is not a party to the suit. Likewise, our statutes concerning the determination of interests deal with the rights of persons not parties to a suit. Plaintiff, in his action to quiet title, names as defendants all "persons who claim any interest in the subject matter of this action." It is apparent from the evidence that Wood had an interest. The trial court in its decree gave plaintiff's claim for his expenses a prior lien over Wood's claim. We are therefore not impressed with this specification.

The major point of difference between the contending parties seems to be this: Counsel for plaintiff contend that in the action to quiet title no fraud is shown; that plaintiff consented to all the proceedings up to and including the final judgment; that fraud, if any, exists outside of that proceeding and should therefore be set up in a separate action, and not in this proceeding. Counsel for defendant assert their right to proceed as they have, and for the reasons given we agree with the latter's contention.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD concur.