Shientag, J.
(dissenting). The order, so far as appealed from by the defendants, should be affirmed. The order, so far as appealed from by the plaintiff corporation, should be reversed, and the defendants’ motion for summary judgment denied unconditionally.
Section 61 of the General Corporation Law applies only to a derivative stockholder's suit and not to a suit brought by a corporation on its own behalf. This is true notwithstanding the fact that one stockholder owns the entire capital stock which he purchased after the commission of the wrongful acts complained of.
Although the right of the corporation to sue is unrestricted by section 61 of the General Corporation Law, it may still be held on a full disclosure of the facts that, considering the nature of the stock ownership and the manner and circumstances under which it was acquired, there is-such gross inequity in the plaintiff’s claim as would preclude recovery. This was the rule expressed in the leading case of Home Fire Ins. Co. v. Barber (67 Neb. 644 [1903]). It was held there that when a corporation is proceeding in equity to assert rights of an equitable nature, or is seeking relief upon rules or principles of equity, the court of equity will not forget that the stockholders are the real and substantial beneficiaries of a recovery; and that if the stockholders have no standing in equity and are not equitably entitled to the remedy sought to be enforced by the corporation in their behalf and for their advantage, the corporation will not be permitted to recover.
In Pollitz v. Could (202 N. Y. 11) the Nebraska rule was disapproved, although the disapproval is a dictum rather than a decision, since in the Pollits case a stockholder was suing and not the corporation itself. The Pollits case laid down the broad rule that a stockholder may bring an action in behalf of the corporation for the benefit of himself and all other stockholders to set aside as fraudulent an improper transaction consummated at the expense of the corporation before he acquired his stock. It was to overcome this rule that section 61 of the General Corporation Law was amended in the form in which it now stands. But even in Pollits v. Gould (supra, p. 13) the court suggested that the question there presented was “unembarrassed by any incidental considerations, as, that the prior holder of the stock consented to the transaction or that plain *191 tiff’s subsequent acquisition of the stock was accompanied by any circumstances which would render it inequitable for bim to seek relief.”
Whether such circumstances here exist and whether the corporation should be permitted to sue in this instance should be determined not upon the basis of affidavits or examinations before trial, but after a full trial at which all the issues in controversy may be completely developed. Considered in its entirety, the record does not warrant resort to summary judgment.
Callahan, J., concurs with Van Yoorhis, J.; Peck, P. J., concurs in the result in a separate opinion; Shientag, J., dissents and votes to deny summary judgment unconditionally, in opinion in which Cohn, J., concurs.
Order modified so as to eliminate condition upon the granting of the motion for summary judgment in favor of the defendants Pokrass and, as so modified, the order granting summary judgment dismissing the complaint is affirmed, with costs to the appellants Pokrass. Settle order on notice. [See post, p. 974.]